# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv144

| | |
|---|---|
| JOSHUA BAILEY and AMANDA BAILEY, both individually and as executors of the ESTATE OF HAIDEN WILLIAM BAILEY, <br><br> Plaintiffs, <br><br> vs. <br><br> ESTATE OF CARROLL JETT; CORETRANS, LLC; MARLBORO WAREHOUSE COMPANY; MARLBORO MILL; DOMTAR PAPER COMPANY, LLC; DOMTAR INDUSTRIES, INC.; DOMTAR, INC.; PEOPLEASE CORPORATION; N&W HOLDINGS, LLC; C.H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON COMPANY; GEOLOGIC SOLUTIONS, INC.; and XATA CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OF DECISION AND ORDER

**THIS MATTER** is before the Court on the Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss. [Doc. 4].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion to dismiss and to submit recommendations for its disposition.

On September 15, 2010, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Defendants' motion be granted. [Doc. 24]. The Plaintiffs timely filed objections [Doc. 25], to which the Defendants have responded [Doc. 26].

## PROCEDURAL & FACTUAL BACKGROUND

This action was initiated in the Buncombe County General Court of Justice, Superior Court Division, on June 4, 2010 and removed to this Court on the basis of diversity jurisdiction on July 16, 2010.[1] [Notice of Removal, Doc. 1]. In the Complaint, it is alleged that on the morning of July 1, 2008, Jennifer Miller Pace (Pace), a family friend of the Plaintiffs, was driving her car on Interstate 40 in Buncombe County. The decedent, 15-month-old Haiden William Bailey (Haiden), and his aunt, Kathy King, were passengers in the car. [Complaint, Doc. 1-1 at ¶¶13-14]. Due to construction work ahead, Pace

---

[1]This case is one of six cases pending in this Court, all of which stem from a motor vehicle accident in July 2008. The other five actions have been consolidated into one action. See Durkee, et. al. v. C.H. Robinson Worldwide, Inc., et. al., Civil Case No. 1:09cv449.

brought her car to a stop along with other cars on the interstate. [Id. at ¶16]. Carroll Jett (Jett), who was driving a 2007 Volvo tractor trailer truck in the same direction, failed to slow his vehicle allegedly because he was distracted by, among other things, a texting system inside the truck. [Id. at ¶¶17, 19]. As a result, he crashed the truck into a stopped car, causing a chain reaction in which five cars collided, including the car in which Haiden was seated in the rear. [Id. at ¶19]. Haiden later died of his injuries. [Id. at ¶21]. The Complaint alleges that Jett was negligent, careless and reckless in numerous manners. [Id. at ¶23].

The Defendant Geologic Solutions, Inc. (Geologic) is a Delaware corporation which was acquired by Defendant Xata Corporation (Xata), a Minnesota corporation, prior to the time of the accident. [Id. at ¶¶11-12]. Inside the tractor trailer truck being operated by Jett was a text messaging system manufactured by Geologic which allowed Jett to receive text messages while driving.[2] [Id. at ¶¶62-63]. In the Complaint, it is alleged, pertinent part, as follows:

---

[2]Plaintiffs do not allege that Jett responded to or sent any text messages with this system. The particular allegation regarding the use of the system reads that "the texting system . . . allowed and encouraged Jett to check his messages while operating the tractor trailer." [Doc. 1 at ¶63]. Nowhere do Plaintiffs allege, however, that Jett was actually using the texting system at the time of the accident, only that he was, in some unspecified manner, "distracted by, among other things, the texting system" and thus crashed into the stopped car. [Id. at ¶19].

> Defendant Geologic and defendant XATA acted unreasonably in designing the texting system in a manner that allowed and encouraged defendant Jett to check his messages while operating the tractor trailer. Defendant Geologic and defendant XATA failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could have been reasonably adopted and that would have substantially reduced the risk of harm without reducing the usefulness, practicality or desirability of the product.
>
> Defendant Geologic and defendant XATA should have known that drivers of heavy loads operating tractor trailers could potentially be distracted by reviewing a message while driving.
>
> Defendant Geologic and defendant XATA had a duty to exercise reasonable care in the manufacture and design of the Geologic texting system and failed to exercise reasonable care in placing the texting system on the market.
>
> The design of the texting device was defective at the time it left the control of defendant Geologic and defendant XATA. The defect was the result of defendant Geologic and defendant XATA's negligence and the defect proximately caused Haiden William Bailey's death.

[Id. at ¶¶63-66].

Geologic and Xata moved to dismiss the claims against them for failure to state a claim upon which relief may be granted. [Doc. 4]. The Magistrate Judge concluded that the Plaintiffs had failed to state claims against Geologic and Xata and recommended that these Defendants be dismissed. [Doc. 24].

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007), cert. denied, 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).

Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D. Va. 2008). "Allowing a litigant

5

to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, when accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, *i.e.*, the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying

6

> pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."
>
> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" as required by Rule 8. ... [E]ven though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Id. (quoting Twombly, 550 U.S. at 555, 557, 127 S.Ct. 1955 and Iqbal, 129 S.Ct. at 1950).

The Court notes that in ruling on the objections to the Memorandum and Recommendation, it has not considered any matters outside the pleadings.

## DISCUSSION

In Durkee v. C.H. Robinson Worldwide, Inc., Civil Action No. 1:09cv449 (W.D.N.C.), a case involving the same accident and identical claims against Geologic and Xata, the Court recently adopted the recommendation of the

7

Magistrate Judge and dismissed these Defendants on the grounds that the plaintiffs had failed to state a claim upon which relief could be granted. The Magistrate Judge has made the same recommendation in the present case.

On the whole, the Plaintiffs' Objections mirror those filed in response to the Magistrate Judge's Memorandum and Recommendation in Durkee.[3] To the extent that the Plaintiffs raise the same objections as those raised in Durkee, the Court overrules such objections for the reasons stated in the Court's previous Order. [See Civil Action No. 1:09cv449, Doc. 80]. Having overruled these objections, the Court will not repeat that analysis here and will limit its discussion to the unique objections raised by the Plaintiffs in this case.

In their Objections, the Plaintiffs argue that in dismissing their claims against Geologic and Xata, the Magistrate Judge erred in relying on Williams v. Cingular Wireless, 809 N.E.2d 473 (Ind. Ct. App. 2004). The Plaintiffs argue that a cellular phone, which was the product at issue in Williams, is distinguishable from the texting system at issue in that the texting system could have been designed to become inoperable when the vehicle was in

---

[3]For example, the Plaintiffs in the present case reiterate the Durkee plaintiffs' objections that the Magistrate Judge misapplied the "plausible facts" standard set forth in Twombly and Iqbal; that he failed to assume certain allegations in the Complaint as true; that he erroneously characterized Jett's use of the texting system as a "misuse"; and that he erred in concluding that Jett's distraction was not reasonably foreseeable. These objections were discussed extensively in the Durkee opinion and were all rejected. The Court adopts and incorporates herein the analysis set forth in Durkee and will not address these objections any further.

motion. As such, Plaintiffs contend, Williams has no application to the present case.

Contrary to the Plaintiffs' assertions, Williams is directly analogous to the present facts. In Williams, the plaintiff sought to hold a manufacturer liable for injuries sustained when she was struck by a driver who was allegedly distracted by the manufacturer's product while driving. The Indiana Court of Appeals rejected the plaintiff's claim, concluding that the cellular phone company owed the plaintiff no duty under the circumstances. Id. at 478-79. Technical differences between a cell phone and a texting system notwithstanding, the Magistrate Judge properly analogized Williams to the present case. Moreover, it is noted that cellular telephones are regularly used for the purpose of texting, just like the system alleged in this case. The Plaintiffs' objection is overruled.

Next, Plaintiffs contend that despite acknowledging the dangers of texting while driving, the Magistrate Judge "erroneously inferred that a feasible alternative design was not available," an issue that the Plaintiffs contend should be reserved for determination by a jury. [Doc. 25 at 9]. In making this objection, Plaintiffs fail to cite to any particular statement in the Magistrate

Judge's Memorandum where such an inference was made.[4]  The Plaintiffs' objection is without foundation and is therefore overruled.

The Plaintiffs next contend that the Magistrate Judge erred in relying on Kientz v. Carlton, 245 N.C. 236, 96 S.E.2d 14 (1957) to conclude that Geologic and Xata owed no legal duty to the Plaintiffs.  Specifically, the Plaintiffs contend that Kientz is distinguishable in that it involved an "end user" of the defendant's product and thus its holding has no application to a case involving injuries to a third party.  This argument must be rejected.  The holding of Kientz is not limited to injuries to the "end user."  In Kientz, the North Carolina Supreme Court that "the duty owed by a manufacturer ... does not require him to ... protect against injuries resulting from the user's own patently careless and improvident conduct."  Kientz, 245 N.C. at 241-42, 96 S.E.2d at 18.  This, of course, includes injuries to the end user, as well as anyone else injured by the user's negligence.  Thus, Kientz is not limited, as the Plaintiffs suggest, to injuries only to the "user" of the product.  This objection is overruled.

Finally, the Plaintiffs argue that the Magistrate Judge erred in concluding that these Defendants owed no duty to people traveling on public highways,

---

[4]Indeed, having found no duty on the part of Geologic and Xata, and thus no cognizable legal claim, the Magistrate Judge had no need to reach the Plaintiffs' allegation of the existence of a feasible alternative design.

10

arguing that this case is analogous to cases involving defendants who provided alcohol to drunk drivers. See, e.g., Estate of Mullis v. Monroe Oil Co., 349 N.C. 196, 505 S.E.2d 131 (1998); Hart v. Ivey, 332 N.C. 299, 420 S.E.2d 174 (1992). In those cases, the North Carolina Supreme Court held that a legal duty should be imposed on sellers only where the risk to third parties was "both unreasonable and foreseeable." Estate of Mullis, 349 N.C. at 205, 505 S.E.2d at 137; see also Hart, 332 N.C. at 305, 420 S.E.2d at 178. Thus, simply placing a product in the stream of commerce, without more, is insufficient to create a legal duty on the part of a seller. Instead, there must be shown "some additional factor or factors that would alert the defendant commercial vendors that the act of selling [the product] would likely produce some foreseeable injury." Estate of Mullis, 349 N.C. at 206, 505 S.E.2d at 138.

Here, the Plaintiffs have not alleged any "additional factor" that could have indicated to these Defendants that Jett would drive his truck in a negligent manner as a result of the texting system. Without any additional facts that could have alerted these Defendants that installation of the system in a tractor trailer could likely cause harm to a third party, the Magistrate Judge correctly concluded that the mere sale of the product, without more, did not create a duty on the part of these Defendants to prevent unforeseeable

harm to third parties arising from the negligent use of that product. The Plaintiffs' objection is overruled.

**CONCLUSION**

For the reasons stated herein and in this Court's Order in Durkee [Civil Action No. 1:09cv449, Doc. 80], the Court accepts the recommendation of the Magistrate Judge and concludes that the law in North Carolina does not impose a duty on the manufacturer of a product to design it in such a manner that the user thereof is incapable of being distracted by its use while driving. The Court therefore rejects Plaintiffs' arguments and dismisses Geologic and Xata from this action.

Finally, the Court notes that the Defendants N&W Holdings, LLC, Coretrans, LLC, and Domtar Paper Company, LLC are each alleged to be a limited liability company. A limited liability company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). No party has disclosed in the pleadings the states of citizenship of the constituent members or partners of these Defendants and therefore each will be required

to do so in order for the Court to determine whether it has subject matter jurisdiction over the remaining claims.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections [Doc. 25] to the Memorandum and Recommendation of the Magistrate Judge [Doc. 24] are **OVERRULED**, and the recommendation of the Magistrate Judge is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss [Doc. 4] is hereby **GRANTED**, and these Defendants are hereby **DISMISSED** from the action with prejudice.

**IT IS FURTHER ORDERED** that on or before ten business days from entry of this Order, the Defendants N&W Holdings, LLC, Coretrans, LLC, and Domtar Paper Company, LLC shall file a response disclosing the name and citizenship, if any, of each of its constituent members or partners, and, for any such constituent members or partners that are limited liability companies or partnerships, to identify the citizenship of each respective constituent member or partner until all such constituents are fully identified.

**IT IS SO ORDERED.**

Signed: January 31, 2011

Martin Reidinger
United States District Judge